IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW ALBIAN ALARCON,

    Plaintiff,

  v.        No. CIV 15-0380 RB/SCY

GREGG MARCANTEL,
MIKE HEREDIA,
J. BEAIRD,
JERRY ROARK,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Civil Rights Complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). Because the Court grants the IFP motion, the filing fee for this civil rights complaint is $350.00. Under § 1915(b)(1), (2), Plaintiff must pay the full amount of the filing fee in installments. Based on the information in Plaintiff's filings, the Court will waive the initial partial payment pursuant to § 1915(b)(1). For reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).   In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff alleges that, based on confidential allegations made against him by other inmates, he was placed in Interim Level 6 security status and, ultimately, in long-term disciplinary segregation at a maximum-security facility.   He alleges that he was never given a misconduct report or a summary of the charges and evidence against him.   In disciplinary hearings, Plaintiff was not allowed to submit evidence or counter the accusations to "prove his innocence," and his appeal was denied.   He contends that Defendants' actions violated his rights under the Eighth and Fourteenth Amendments of the U.S. Constitution.   The complaint seeks damages and equitable relief.

The noted allegations appear to state claims for relief under § 1983.   *See Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974); *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (describing minimum due process requirements for prison disciplinary proceedings); *Wilkinson v. Austin,* 545 U.S. 209, 224 (2005) (concluding that transfer to supermax conditions may implicate inmate's Due Process protections); *and see Stallings v. Werholtz*, 492 F. App'x 841, 844 (10th Cir. 2012) (observing that duration of segregation may be a factor in evaluating an Eighth Amendment claim) (quoting *Estate of DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007)).   The complaint alleges that Defendant Heredia "act[ed] as the investigating officer and as chairman of the committee," conducted Plaintiff's hearings, ruled on the charges, and made the decisions about Plaintiff's placement.   Under these standards, Plaintiff's complaint appears to state claims for damages against Heredia.

On the other hand, Plaintiff's claims in support of his request for reclassification and release from segregation are not cognizable in this § 1983 action.   A prisoner's claim to vacate a disciplinary conviction or expunge a record must be brought in a habeas corpus petition under § 2241.   *See Buhl*

*v. Hood*, 81 F. App'x 273, 274-75 (10th Cir. 2003) ("[T]he district court erred in construing this habeas petition [challenging disciplinary conviction] as a *Bivens* [*v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),] complaint." Plaintiff's claims for equitable relief will be dismissed without prejudice to his rights under the habeas corpus statutes.

Furthermore, Plaintiff's allegations against the other three Defendants--Marcantel, Beaird, and Roark--do not support constitutional claims against them. The only factual allegations against Defendant Marcantel is that he failed to provide a report before the disciplinary hearing (Doc. 1 at 3). The Court of Appeals for the Tenth Circuit has ruled that even allegations of false disciplinary reports "failed to state a cognizable constitutional claim." *Brown v. Cline*, 319 F. App'x 704, 705 (10th Cir. 2009); *see also Williams v. Smith*, 781 F.2d 319, 324 (2d Cir. 1986); *Northington v. McGoff*, No. 91-1252, 1992 WL 149918, at *1, *4 (10th Cir. June 25, 1992). And of course, as noted above, Defendant Heredia was the decisionmaker in the disciplinary proceeding. The allegation that Marcantel, Beaird, and Roark did not provide an "opportunity to allow the petitioner to prove his innocence" (Doc. 1 at 3) also fails to state a claim for the same reason, *i.e.*, Defendant Heredia heard and decided the matter.

Nor does Defendant Roark's alleged denial of Plaintiff's appeal give rise to a constitutional claim. "This allegation fails, however, to state a claim for relief, as the Supreme Court has already determined that there simply exists no due process right to such an appeal." *Lowe v. Sockey*, 36 F. App'x 353, 360 (10th Cir. 2002) (citing *Wolff v. McDonnell*, 418 U.S. at 564-66)). The Court will dismiss Plaintiff's claims against Defendants Marcantel, Beaird, and Roark.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff make monthly installment payments of twenty per

cent (20%) of the preceding month's income credited to Plaintiff's account or show cause why payment should be excused, and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's claims for equitable relief are DISMISSED without prejudice to his rights under the habeas corpus statutes; his claims against Defendants Marcantel, Beaird, and Roark are DISMISSED; and Defendants Marcantel, Beaird, and Roark are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of this Order and the complaint, to Defendant Heredia at the Lea County Correctional Facility.

_____
UNITED STATES DISTRICT JUDGE