IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW ALBIAN ALARCON,

    Plaintiff,

v.                                                                    No. Civ. 15-380 RB/SCY

MIKE HEREDIA,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Defendant Mike Heredia's Motion to Dismiss (ECF No. 10), which has been referred to me (ECF No. 3). Having reviewed the motion, Plaintiff's complaint and the relevant law, I recommend that the Court **grant the motion in part** for the reasons set forth below.

## I. Background

Plaintiff, proceeding *pro se* in this § 1983 action, asserts claims for constitutional violations arising from prison disciplinary proceedings that resulted in his placement in long-term disciplinary segregation at a maximum-security state prison facility. *See* Pl.'s Compl. at 3 (ECF No. 1). Specifically, Plaintiff alleges that on March 6, 2014, he was placed in interim Level VI status for "pos[ing] a threat to the safety of the institution" after three other inmates made confidential allegations to prison officials that Plaintiff had engaged in "predatory, intimidating, and extorting" behavior towards them, forcing them to seek placement in protective custody. *See* Pl.'s Compl. at 3, 8-9. Following prison disciplinary hearings,[1] Plaintiff was transferred to a

---

[1] The Court notes that Defendant Heredia disagrees with Plaintiff's characterization of the prison procedures that resulted in his Level VI placement as disciplinary proceedings. ECF No. 10 at n.1. Defendant maintains that different policies and procedures govern an inmate's placement in Interim Level


maximum-security facility for continued Level VI placement. *Id.* at 20. Plaintiff's internal appeal of the Level VI placement was denied. *Id.*

In Counts I and II of his complaint, Plaintiff alleges constitutional due process violations arising from the procedures and hearings that led to his Level VI placement. Specifically, he claims that he was never given a misconduct report or a summary of the charges and evidence against him, that he was not allowed to submit evidence or counter the charges against him at the hearings, and that he was not given an opportunity to investigate the charges against him and "prove his innocence." *Id.* at 3. In Count III of his complaint, Plaintiff raises claims under the Eighth Amendment as well as for emotional distress and defamation of character. *Id.* at 4. As grounds for relief, Plaintiff seeks "immediate release from long term disciplinary segregation," to be "reclassified in the most appropriate level of custody," monetary damages in the amount of 2 million dollars, and to "have all good time that has not been credited [to be] credited to [Plaintiff] due to his placement in Level 6." *Id.* at 5.

On October 5, 2015, the Court issued a memorandum opinion and order dismissing Plaintiff's claims for equitable relief without prejudice to his rights under the habeas corpus statutes. ECF No. 4. The Court also dismissed three defendants as parties, leaving Defendant Mike Heredia as the sole remaining defendant in this action. *Id.* Plaintiff alleges in his complaint that Defendant Heredia was the facility administration captain who "act[ed] as the investigating officer and as chairman of the committees," conducted Plaintiff's hearings, ruled on the charges, and made the decision regarding Plaintiff's Level VI placement. Pl.'s Compl. at 2-4, 8-9.

---

VI status than those that apply to disciplinary proceedings. *Id.* I make no recommendation with regard to the resolution of this issue, which is not squarely before the Court.

**II. Analysis**

Defendant Heredia has moved to dismiss all claims raised against him pursuant to Fed. R. Civ. P. Rule 12(b)(6). ECF No. 10. "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In ruling on a motion to dismiss, the Court "accept[s] the well-pled factual allegations in the complaint as true, resolve[s] all reasonable inferences in the plaintiff's favor, and ask[s] whether it is plausible that the plaintiff is entitled to relief." *Diversey v. Schmidly,* 738 F.3d 1196, 1199 (10th Cir. 2013) (internal citations and quotation marks omitted). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Defendant's primary argument in his motion to dismiss is that the Supreme Court's rulings in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), and *Edwards v. Bolisek*, 520 U.S. 641 (1997), bar Plaintiff's claim for monetary damages and declaratory relief based on the alleged unlawful deprivation of good-time credits due to a faulty disciplinary process. *See* Def.'s Mot. at 4. The Court agrees that Plaintiff's claim for damages and declaratory relief due to the loss of earned good-time credits is not cognizable in this § 1983 action.[2] In *Edwards*, the Supreme Court specifically held that "a claim for damages and declaratory relief brought by a state prisoner challenging the validity of the procedures used to deprive him of good-time credits" is not cognizable under § 1983 when it would "necessarily imply the invalidity of the deprivation of his good-time credits." *See Edwards*, 520 U.S. at 643, 646. In this case, Plaintiff's claim for

---

[2] The Supreme Court has recognized that a prisoner may permissibly seek to enjoin "the prospective enforcement of invalid prison regulations" pursuant to § 1983. *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). Plaintiff, however, seeks no such prospective relief.

3

damages arising from the loss of good-time credits as well as his claim for declaratory relief – the reinstatement of his good-time credits – are barred under *Edwards* because Plaintiff is essentially seeking to invalidate the loss of his good-time credits, and he has not initiated and prevailed in a habeas proceeding prior to filing this § 1983 action. *See Edwards*, 520 U.S. at 646-47; *see also Presier v. Rodriguez*, 411 U.S. 475, 500 (1973) (§ 1983 is [not] a permissible alternative to the traditional remedy of habeas corpus," and "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"); *see also Muhammad v. Close*, 540 U.S. 749, 751 (2004) (reiterating under *Heck*, "where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas opportunities"). I therefore recommend granting Defendant's motion to dismiss to the extent it seeks dismissal of Plaintiff's claim for money damages and declaratory relief due to the loss of good-time credits. These claims should be dismissed without prejudice.[3]

As a final matter, Defendant summarily contends that dismissal of the foregoing claims necessarily leads to dismissal of all claims against him. *See* Def.'s Mot. at 4. I do not recommend granting dismissal of the entire complaint for two reasons. First, Defendant fails to make any arguments as to why dismissal is appropriate with respect to the claims set forth in Count III of Plaintiff's complaint – specifically, Plaintiff's Eighth Amendment, emotional distress, and defamation claims. Second, as the Court stated in its October 5, 2015 order (ECF No. 4), Plaintiff appears to allege due process claims against Defendant under § 1983 that may not

---

[3] The Court notes that it previously held in its October 2015 Memorandum Opinion and Order that Plaintiff's claims for injunctive relief – his requests for reclassification and release from segregation – also are not cognizable in this § 1983 action. ECF No. 4 at 2.

implicate *Heck* and its progeny. *See Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974); *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (describing minimum due process requirements for prison disciplinary proceedings); *Wilkinson v. Austin*, 545 U.S. 209, 224 (2005) (concluding that transfer to supermax conditions may implicate inmate's due process protections). In other words, while Plaintiff clearly seeks to invalidate the Level VI placement, he has also alleged procedural defects related to the prison proceedings that may not necessarily imply the invalidity of the punishment imposed. *See Heck*, 512 U.S. at 482 (stating that its earlier decision in *Wolff* "recognized a § 1983 claim for using the wrong procedures, not for reaching the wrong result (i.e., denying good-time credits)"); *see also Muhammad*, 540 U.S. at 754 (*Heck* not applicable to prisoner's suit which did not seek a judgment at odds with the state's calculation of time to be served in accordance with the underlying sentence). Because Defendant, at this point, has not demonstrated that Plaintiff, in connection with his procedural complaints, is seeking a judgment at odds with his conviction or the amount of time he must serve in connection with that conviction, I do not recommend dismissal of the entire complaint.

### III. Conclusion

For the foregoing reasons, I recommend that the Court dismiss without prejudice Plaintiff's claim for monetary damages and declaratory relief arising from the wrongful deprivation of good-time credits. I also recommend that the Court deny Defendant's motion to dismiss to the extent it seeks dismissal of the entire suit.

_____
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**